## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

Case No. 08-10019-CIV-MOORE/SIMONTON

WEBER DESIGN GROUP,

      Plaintiff,

vs.

US WRECKING AND LAND CLEARING,
INC., ET AL.,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALEJANDRO RODRIGUEZ AND CELIA RODRIGUEZ

THIS CAUSE came before the Court upon Plaintiff's Renewed Motion for Default Judgment Against Defendants Alejandro Rodriguez and Celia Rodriguez (dkt # 74). No response was filed.

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

## I.    BACKGROUND

Plaintiff brings a claim for copyright infringement alleging that Defendants infringed upon an original architectural work entitled #G3-2905 Port Antigua Home Plan (the "Home Plan") by advertising, designing, constructing and participating in the construction of residences that utilize the Home Plan. Alejandro Rodriguez and Celia Rodriguez are named as Defendants in the Amended Complaint (dkt # 31), but the Amended Complaint does not specifically state the role of these Defendants in the allegedly infringing conduct. The Clerk of the Court entered a clerk's default against Alejandro Rodriguez and Celia Rodriguez on October 7, 2008 (dkt # 71).

## II.    STANDARD OF REVIEW

The Court may enter judgment by default against a party for failure to prosecute with reasonable diligence or to comply with the Court's orders or the rules of procedure. Owens v. Benton, No. 05-13782, 2006 WL 1824153, at *1 (11th Cir. 2006); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985). The entry of a default is also appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). A party in default has admitted all well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); accord PetMed Express, Inc. v. Medpets.com, Inc., 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004).

## III.    ANALYSIS

Plaintiff seeks a default judgment against Alejandro Rodriguez and Celia Rodriguez based on their failure to respond to the Amended Complaint (dkt # 31). "To assert a claim for copyright infringement, a plaintiff must allege 1) ownership of a valid copyright by the plaintiff; and 2) the copying of the original, constituent elements of the work by the defendant." R. Miller Architecture, Inc. v. Edgington Enters., Inc., 06-cv-871-Orl-19DAB (PCF), 2007 WL 4966614, at *4 (M.D.Fla. 2007). Original architectural works are entitled to copyright protection. 17 U.S.C. § 102(a)(5) and (8). Here, Plaintiff sufficiently alleges ownership of a valid copyright by attaching a copy of the Certificate of Registration of the Home Plan from The United States Copyright Office. Am. Compl., Ex. B; see 17 U.S.C. § 410(c) (stating that certificate of registration made before or within five years of first publication constitutes prima facie evidence of the validity of a copyright). However, the Amended Complaint is unclear with respect to copying. The Amended Complaint

2

does not plead separate counts of infringement against each Defendant, nor does it state the role of each Defendant in the allegedly infringing acts. The only factual pleading in the Amended Complaint concerning infringing acts states:

> After [the Home Plan] was created, in 2003, the Defendants infringed said copyright by advertising, designing, constructing and participating in the construction of one of more residences copied largely from Plaintiff's copyrighted [Home Plan].

Am. Compl., ¶ 14. A claim of copyright infringement of an architectural work may be brought against an architect, builder, contractor, or individual, as long as the defendant actually engaged in copying of a copyrighted work. T-Peg, Inc. v. Vermont Timber Works, Inc., 459 F.3d 97 (1st Cir. 2006) (claim against contractor); Bella Builders, Inc. v. Minghenelli, 08-CV-144-FTM29DNF (JES), 2008 WL 4569880 (M.D.Fla. 2008) (claim against architect); Lifetime Homes, Inc. v. Walker Homes, Inc., 485 F. Supp.2d 1314 (M.D.Fla. 2007) (claim against builder); Cornerstone Home Builders, Inc. v. McAllister, 311 F. Supp.2d 1351 (M.D.Fla. 2004) (claim against homeowner). However, not every party involved in the construction of a building that relies on an infringing architectural design is liable for copyright infringement. For instance, any party lacking knowledge of the infringing copying, such as a subcontractor, foreman, or construction manager, would not be liable for direct infringement because actual copying is an element of the claim.

Here, William Weber's affidavit in support of the Motion for Default Judgment states that Alejandro Rodriguez and Celia Rodriguez were "contractors" for the construction of the house built using the Home Plan. Aff. of Weber, sworn to October 9, 2008, ¶ 11 (dkt # 74-2). However, Exhibit 1 to the Weber affidavit is a document titled "Standard Form of Agreement Between Contractor and Owner." Aff. of Weber, Ex. 1. This document states that US Wrecking and Land

3

was the Contractor and that Celia Rodriguez was the Project Manager. Id. Alejandro Rodriguez is not a signatory to the document. Id. The Standard Form of Agreement Between Contractor and Owner sufficiently establishes that Alejandro Rodriguez and Celia Rodriguez were not the contractors, and the Amended Complaint provides no additional information concerning the role of Alejandro Rodriguez and Celia Rodriguez in the allegedly infringing acts. Therefore, the role of Alejandro Rodriguez in the allegedly infringing acts remains entirely unknown.

There is no doubt that Plaintiff is entitled to a default judgment as to Alejandro Rodriguez and Celia Rodriguez as to any claims supported by well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). However, Plaintiff's Amended Complaint does not supply well-pleaded facts that are sufficient to support a default judgment for copyright infringement against Alejandro Rodriguez. This Court is unable to draw any inference that Alejandro Rodriguez had knowledge that the Home Plan was copied because his role in the construction of the house is unknown. Although the statement in Weber's affidavit that Alejandro Rodriguez was the contractor might have been sufficient to establish his role in the construction process, the affidavit is contradicted by the Standard Form of Agreement Between Contractor and Owner, which states that US Wrecking and Land was the contractor. Additionally, the Amended Complaint alleges that the infringing acts were partially comprised of "participating in the construction of one or more residences copied largely from Plaintiff's copyrighted [Home Plan]." Am. Compl., ¶ 11. However, mere participation in construction of a home that is built based on a copied architectural design is, without more, insufficient to establish copyright infringement of an architectural work because participation alone does not necessitate a finding of copying. In the absence of any specific allegations or evidence concerning Alejandro Rodriguez's allegedly

4

infringing conduct, it is impossible to ascertain whether he committed one the alleged acts which, taken as true, would constitute infringement, or whether he committed one of the alleged acts which would not constitute infringement, even if taken as true, such as mere participation in construction. Therefore, given that the Amended Complaint alleges certain acts that alone would not constitute copyright infringement and fails to plead specific acts of copyright infringement against each Defendant, and in light of the fact that the nature of allegedly infringing acts committed by Alejandro Rodriguez are unknown, the facts as pled do not support a default judgment of copyright infringement against Alejandro Rodriguez.

With respect to Celia Rodriguez, the Amended Complaint supports a default judgment of copyright infringement. Although the Amended Complaint does not specify her role in the alleged infringement, the Standard Form of Agreement Between Contractor and Owner states that she was the Project Manager. Without more evidence concerning her duties as the Project Manager, it is impossible to clearly ascertain whether she worked for, or in conjunction with, the contractor carrying out construction of the home, or whether she worked for the homeowner or builder supervising the work of the contractor in the capacity of a construction manager. Given the instant procedural posture of the claim against Celia Rodriguez, there is no certainty that Celia Rodriguez actually had knowledge of the alleged infringement. In this case, however, either of these roles supports an inference that she participated in the copying of the Home Plan as alleged, particularly in light of the absence of any appearance by Celia Rodriguez raising contentions to the contrary. Therefore, the pleadings support a default judgment against Celia Rodriguez.

Plaintiff seeks to recover $4,516.80, the alleged value of the Home Plan. Aff. of Weber, ¶ 8 (dkt # 74-2). Plaintiff also seeks the profits derived from construction of the home. Renewed Mot.

5

for. Default, at 4. The Copyright Act entitles a prevailing party in a copyright infringement action to "recover the actual damages suffered by them as a result of the infringement, and any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). Here, the actual damages are the value of the Home Plan or $4,516.80. However, the uncertainty concerning Celia Rodriguez's duties as Project Manager make it impossible to determine what profits she may have earned that are attributable to the infringement. Nevertheless, whether employed by the contractor managing the home construction process, or by the homeowner or builder supervising the work of the contractor, there is no reason to believe she would have been the ultimate beneficiary of profits from the construction project. In either case, she would most likely have received wage or fee based compensation. While it is not improbable that a Project Manager could also be a stakeholder in a construction project, there are no facts alleged in the Amended Complaint to suggest that was the case here, nor has any evidence been adduced to support that conclusion.

There is no information whatsoever in the record that would permit this Court to reach a determination of the profits garnered by Celia Rodriguez from her duties as Project Manager, partly because of the paucity of factual allegations concerning Celia Rodriguez's duties as Project Manager or her specific role in the allegedly infringing acts. Moreover, the degree to which profits are attributable to the allegedly infringing acts is dependant on the nature of her duties as a Project Manager. In the absence of any such information, a determination concerning profits would be purely speculative and is therefore unwarranted. Accordingly, Plaintiff is entitled to an award of $4,516.80 against Celia Rodriguez.

## IV. CONCLUSION

For the foregoing reasons, it is

6

ORDERED AND ADJUDGED that Plaintiff's Renewed Motion for Default Judgment

Against Defendants Alejandro Rodriguez and Celia Rodriguez (dkt # 74) is GRANTED IN PART

AND DENIED IN PART.  Default judgment is entered against Celia Rodriguez for $4,516.80.  No

default judgment is warranted against Alejandro Rodriguez.

DONE AND ORDERED in Chambers at Miami, Florida, this **27th** day of October, 2008.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All Counsel of Record