UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-10019-CIV-MOORE/SIMONTON

WEBER DESIGN GROUP, INC.,

    Plaintiff,

v.

US WRECKING AND LAND CLEARING,
INC., et al.,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**

Presently pending before the Court is Plaintiff's Motion to Compel Defendant David Cabarrocas to Respond to the First Request for Production and Produce Documents Admittedly Withheld [D.E. 81]. The Defendant David Cabarrocas has filed a letter in Response to the Motion [D.E. 86]. The Plaintiff has not filed a Reply. All pretrial discovery matters have been referred to the undersigned Magistrate Judge [D.E. 51]. Following a review of the record and for the reasons set forth below, Plaintiff's Motion to Compel [D.E. 81] is GRANTED.

**I.    BACKGROUND**

Plaintiff, Weber Design Group, Inc., filed this action alleging copyright infringement by the Defendants in violation of 17 U.S.C. § 501. According to the Complaint, Plaintiff, Weber Design Group, Inc., is an architectural/design firm that holds a certificate of registration from the United States Copyright Office for an architectural work entitled "Stock Plan G3-2905 Port Antigua Home Plan". Defendants consist of several entities, including an architect, David Cabarrocas, who is the subject of the instant Motion to Compel. Plaintiff alleges that Defendants infringed upon its copyright

by, among other things, advertising for, designing and constructing residences copied from the Stock Plan.  Plaintiff seeks to recover actual damages and the profits from the Defendants related to the use of the copyrighted work and also seeks to enjoin the Defendants from continuing to use the copyrighted Stock Plan.

Plaintiff has filed a Motion to Compel seeking the production of certain documents allegedly responsive to several requests made by the Plaintiff to David Cabarrocas ("Defendant").  Plaintiff also seeks an award of attorney's fees and costs associated with bringing the Motion to Compel.

In the Motion to Compel, Plaintiff argues that it is entitled to the production of documents requested in its First Request for Production of Documents, as follows:

<u>Request for Production #1</u>

In this request, Plaintiff seeks certain plans, designs and drawings, etc., prepared by Plaintiff Weber Design Group that Plaintiff asserts Defendant Cabarrocas maintained in his waiting room for the purpose of allowing clients to review.  Specifically, Request #1 requests:

> 1.  Any and all preliminary, intermediate and final plans, specifications, sketches, drawings, or visual representations in your possession, custody or control of any plan prepared by Weber Design Group, Inc., or based upon based upon (*sic*) any plan prepared by Weber Design Group Inc. or any derivative thereof, inclusive of all copies of such documents prepared by or for any person, including yourself.

*See* [D.E. 81, Ex. A]. Plaintiff alleges that Defendant did not object to this Request yet failed to take any steps to search for documents that would be responsive to this Request.  In response, Defendant has submitted a letter which states that Defendant Cabarrocas has given the Plaintiff all of the documents that he has related to this case, and identifies those documents as "...all the plans for Mr. and Mrs. Alexis Mantecon

Residence, an (*sic*) statement dated May 11th, 2005, and a copy of a check given to [him] by Mr. Mantecon for $2,500.00 on April 13th, 2005." *See* [D.E. 86]. In that letter, Mr. Cabarrocas also denies that he is withholding any other documents in the case. *Id.*

**Requests for Production #10, 19, 20**

Plaintiff also seeks to compel Mr. Cabarrocas to produce his calendars for the years 2005-2007, and asserts that the documents are relevant to demonstrate meetings held between the Defendants concerning the copying/design process of the architectural plans. In addition, Plaintiff asserts that the calendars are responsive to Requests for Production #s 10, 19, and 20 which request:

> 10. All proposals, contracts, bills, invoices, copies of checks or any other documents evidencing payments paid by you for the performance of any service or for the provision of any materials for or on behalf of any person in connection with the construction or design of any residence based upon any of the designs at issue in this action.
>
> 19. All documents which support any affirmative defense you have raised in this lawsuit.
>
> 20. All documents you contend constitute a defense to any claim made in this lawsuit or which you intend to introduce at trial.

*See* [D.E. 81 Ex. A]. Defendant did not respond or object to these Requests, but rather responded to the Motion to Compel in a letter, as set forth above.

**II.   ANALYSIS**

Plaintiff has cited to Federal Rule of Civil Procedure 26(b)(1) in support of its Motion to Compel and asserts that it is entitled to discovery of any matter not privileged that is relevant to the claim or defense of any party. In addition, Plaintiff cites to Federal Rule of Civil Procedure 37(a) for support of its request for attorney's fees and costs associated with the making and filing of the Motion to Compel.

The undersigned has reviewed the record and finds that the documents sought in

3

**Plaintiff's Requests for Production of Documents that are the subject of the instant Motion to Compel, are relevant to the claims and defenses raised in this action, and thus discoverable. Specifically, as Plaintiff alleged that Defendant Cabarrocas maintained Weber Design Group plans in his waiting room for clients to review, the Defendant's possession of such plans and the availability of those plans to the clients for whom Mr. Cabarrocas designed or built the alleged infringing home(s), are relevant to the Plaintiff's claims that the Defendants modeled the homes after Plaintiff's copyrighted materials. However, although Mr. Cabarrocas did not file objections to this Request, the Defendant's letter in Response to the Motion to Compel states that he has provided all of the documents in his possession relevant to this action. Thus, to the extent that Defendant Cabarrocas failed to provide Plaintiff with plans, sketches, etc., as described in Plaintiff's First Request for Production #1, said items should be produced to the Plaintiff, immediately. If, however, Mr. Cabarrocas has searched for the responsive documents and has not discovered any, then he must provide a written response stating the efforts that were undertaken in searching for the documents and must state, under oath, that no documents responsive to Request #1 were discovered.**

**As to the Request for Mr. Cabarrocas' calendars between the years 2005-07, again the Defendant has failed to provide either an objection to this request or a Response that states that he does not possess the calendars requested. Rather, as noted above, Mr. Cabarrocas stated in the letter in Response to the Motion to Compel that he has provided all relevant documents and listed those documents, none of which were calendars. Plaintiff asserts that the Defendant testified during his deposition that he retained calendars that reflect when he met with other Defendants in the design process of the alleged infringing plans. However, it is unclear what information is contained in**

4

the calendar entries and thus, arguably, the calendar entries may not be responsive to Requests for Production 10 as they may not evidence payments paid related to the infringing design.  Similarly, the calendar entries may not be responsive to Requests for Production 19 or 20, as it is unclear if Mr. Cabarrocas intends to use the calendar entries in support of any affirmative defenses he may raise or, if he intends to introduce the calendar entries at trial.  In this regard, Mr. Cabarrocas may have had a good faith basis for not producing the calendar entries. That notwithstanding, Plaintiff has now clarified the intention behind its Requests and makes clear that it seeks calendar entries that reflect meetings between Mr. Cabarrocas and other Defendants regarding the planning and design of the home(s) at issue.  Plaintiff maintains that such information is relevant as it appears that Mr. Cabarrocas is raising the independent creation of the design or plan for the homes, as a defense against Plaintiff's allegations.[1]

Thus, the undersigned finds that the calendars requested are relevant if: 1) they evidence payments related to the construction or design of any of the alleged infringing homes as described in Plaintiff's Request for Production #1; or, 2) if they reflect meetings between the other Defendants and Mr. Cabarrocas relevant to the design and planning of the homes in question.  To the extent that the Requests did not clearly cover the production of calendar entries, the undersigned finds the requests are clarified to cover this production.  However, not every entry in the calendars is discoverable, rather only those entries reflecting meetings or activities related to the instant action are

---

[1] It is not entirely clear what affirmative defenses Mr. Cabarrocas is raising in this matter as Mr. Cabarrocas, a pro se litigant, filed a letter in response to the Plaintiff's Amended Complaint, wherein he discussed the underlying facts related to the design of the alleged infringing home, rather than filing a formal Answer setting forth denials and affirmative defenses. *See* [D.E. 36].

relevant.  Therefore, Mr. Cabarrocas shall review the 2005-2007 calendars referenced in his deposition, and provide a redacted version of the calendar entries that reflect meetings held between him and the Defendants related to the design and planning of the alleged infringing homes, or relate to payments for the design of those homes, as identified in Request for Production #10.  Also, if, after a reasonable search, Mr. Cabarrocas is unable to locate any calendar entries between 2005-2007 that reflect meetings between the Defendants related to the design and planning of the plans at issue, or payments for those plans, Defendant Cabarrocas must provide a written response stating the efforts that were undertaken in searching for the calendar entries and must state, under oath, that no calendar entries responsive to Requests #10, 19 or 20 were discovered.

As to Plaintiff's request for attorney's fees and costs related to the Motion to Compel, the undersigned finds that under the facts of this case, such an award is not appropriate at this time.  In reaching this conclusion, the undersigned considered the pro se status of the Defendant, as well as, the finding that Mr. Cabarrocas' failure to produce certain documents may have been due to his belief that he does not possess any additional responsive documents.  Thus, in light of the foregoing discussion,  if Mr. Cabarrocas does not comply with this Order, the Plaintiff may renew its request for attorney's fees and costs associated with seeking to compel Mr. Cabarrocas' production and/or compliance.

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel [D.E. # 81]  is **GRANTED**.  On or before November 17, 2008, Defendant Cabarrocas shall:

     1.     Produce documents responsive to Plaintiff's First Request for Production #1, as set forth above.  If Mr. Cabarrocas is unable to locate responsive documents he must provide a written response stating the efforts that were undertaken in searching for the documents and must state, under oath, that no documents responsive to Plaintiff's Request for Production #1 were discovered.

     2.     Review his calendars from 2005-2007, and provide redacted versions of those calendars that:

     a)     reflect dates of meetings held between Mr. Cabarrocas and the other Defendants related to the design and planning of the alleged infringing homes or,

     b)     reflect dates that relate to payments for the design of the residences at issue, as identified in Plaintiff's Request for Production #10.  If Mr. Cabarrocas is unable to locate any calendar entries between 2005-2007 that reflect meetings between the Defendants related to the design and planning of the plans at issue, or payments for those plans, Defendant Cabarrocas must provide a written response stating the efforts that were undertaken in searching for the calendar entries and must state, under oath, that no calendar entries responsive to Requests #10, 19 or 20 were discovered.

     **DONE AND ORDERED** in chambers in Miami, Florida on November 10, 2008.

                                    */s/ Andrea M. Simonton*
                                    **ANDREA M. SIMONTON**
                                    **UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable K. Michael Moore,
     United States District Judge
All counsel of record